FOR THE

# DISTRICT OF VERMONT,

## MAY TERM, 1846.

---

PRESENT,

Hon. SAMUEL NELSON, Judge of the Supreme Court of the United States.
Hon. SAMUEL PRENTISS, Judge of the District Court.

---

## EBENEZER MARVIN *v.* ISAAC DENNISON AND OTHERS.

The object of the action of ejectment, as adopted and in use in this State, is not merely to recover the possession of the land, but to settle the title and establish the right of property. Hence any person, under whom the tenant in possession may, legally speaking, be said to hold, whatever may be the nature or character of the tenancy, should be liable to be made a party to the action.

The statute regulation, that " the action shall be brought as well against the landlord as the tenant in possession of the premises," would seem to extend only to that class of tenancies created by lease, reserving rent, service, or other equivalent duty,—leaving all other tenancies subject to the common law rule, which makes it optional with the plaintiff, whether, or not, to join the person under whom the tenant in possession holds.

There exists such a relation between the mortgagee and mortgagor of land, as entitles the plaintiff in ejectment to join them as defendants, even though the mortgagee may never have been in actual possession of the land.

But the mortgagee, in such case, will only be answerable for rents and profits, when he has received them; and if the defendants plead severally, as they may do, there is no difficulty in rendering judgment for the damages against the mortgagor alone.

EJECTMENT. It appeared, that one of the defendants claimed title to the premises in question under a mortgage from the others, and that the mortgagors were in the actual occupancy of the premises; but, there being no evidence, that the mortgagee was in actual possession, it was objected, that the action could not be maintained against him.

*B. H. Smalley* for plaintiff.

*L. B. Peck* and *O. P. Chandler* for defendants.

The opinion of the court was delivered by

PRENTISS, J. The object of the action of ejectment, as adopted and in use in this State, is not merely to recover the possession, but to settle the title 'and establish the right of property, as well as to recover the possession. To this end, and to prevent a repetition of action, the judgment, instead of leaving the title and right of property unsettled, and the same question liable to be re-tried by successive suits, as at common law, is made conclusive as to all the parties. Looking to the purpose and effect of the action, as thus defined and regulated, it would seem, that, as a general rule of practice naturally resulting therefrom, independent of any special legislative enactment on the subject, any person, under whom the tenant in possession, may, legally speaking, be said to hold, whatever may be the nature, or character of the tenancy, should be liable to be made a party to the action.

How far the statute regulation, that " the action shall be brought as well against the landlord as the tenant in possession of the premises," which makes the joinder imperative, instead of leaving it optional with the plaintiff, as it otherwise would be, does or ought to be held to extend, is a question of construction. If it embrace all tenancies, tenancies of every nature and kind, then, of course, the parties to all not only *may,* but *must* be joined. If it extend only to a particular class of tenancies, such as are created by lease, reserving rent, service, or other equivalent duty, where the relation of landlord and tenant strictly and properly exists, as would seem to be the more reasonable and just construction, then all other tenancies,

CIRCUIT COURT.

not within the particular regulation, remain subject to the common rule, and the parties to them, like parties in other analagous cases, may, but need not, be joined.

To the joinder of mortgagee with mortgagor we are not able to perceive any well founded objection; nor any, we may add, to the joinder of vendor with vendee, where the latter holds under a bond or contract for a deed, or trustee with *cestui que trust,* where the latter is in possession under the trust title. In these and other cases of a like nature, but especially in that of mortgagee and mortgagor, there is such a relation, or connection, existing between the respective parties, as constitues a tenancy, though it may not amount to that of landlord and tenant, within the meaning of the statute. A mortgagee, if he claim title under the motgage, cannot be allowed, in contradiction to the tenancy, to set himself up, or claim to be treated, as a stranger to the possession. If he claim nothing under the mortgage, and would on that ground not only discharge himself from the suit, but recover costs, there can be no injustice, or hardship, in compelling him to disclaim, so that he may be forever estopped by matter of record from setting up any title under the mortgage.

If the mortgagee cannot be made a party, the suit would be in a good measure ineffectual, since a judgment against the mortgagor, though conclusive upon his rights, would have no effect upon the rights of the mortgagee, who would be at liberty to bring an action in his own behalf and have the title tried over again, or to leave it unsettled and open to litigation, during his pleasure, or until the statute of limitations should run. Instead of such being the rule of practice, it would seem to be more consistent with the general reason and policy of the law, that all the parties to the title, under and subsidiary to which the possession is held, should be liable to be joined in the first instance, and the title finally settled as to all in one suit. The fitness and propriety of this will appear none the less obvious, when it is considered, that otherwise, especially where different courts, acting under different and independent jurisdictions exist and may be resorted to, there might, possibly, be conflicting decisions upon the same title.

As the mortgagee, even after default of payment, has no right,

Marvin *v.* Dennison et al.

or but an imperfect right, under any view of the law, to the rents and profits, until demand made or action brought, he can be answerable for them only when he has received them. It has been argued, however, that, if there is a recovery against him for seizin and possession, there must also, of necessity, according to technical rules, be judgment against him for the rents and profits. But we see no such technical difficulty, nor, indeed, any practical difficulty, whatever, if the parties plead severally, as they may do, in giving judgment in such case for the damages against the mortgagor alone.

No adjudication of the state court has been brought to our notice, or referred to, by the counsel, nor are we favored with information in any other way, how the subject is or has been considered there. We learn, however, that the precise question here presented was determined in this court several years ago by the late Judge THOMPSON, and we all know how to appreciate the soundness as well as the learning and ability of his judicial opinions. On the authority of that decision, thus in point, as well as upon our own judgment on the merits of the matter given in the views already expressed, the objection taken by the defendants' counsel must be overruled.